[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on July 18, 1980 in Norwalk, Connecticut. They have resided continuously in this state since that time. There is one minor child issue of the marriage, Erica Laine Buckley born March 29, 1983.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 12 years. The wife is presently 44 years of age and the husband is 32 years of age. The parties married when the husband was 20 years old and that wife was 32 years of age.
The testimony revealed that both parties had a drinking problem. The husband spent 30 days at High Watch in 1989 for alcohol treatment. There was testimony with respect to physical violence between the parties and infidelities on the part of the husband. No useful purpose would be served by a review of the testimony presented in this matter. The wife did not testify in this case.
The parties are in serious financial difficulties having failed to pay federal income taxes for the years 1989, 1990 and 1991. It was estimated that approximately $60,000 is due the IRS including interest and penalties. CT Page 6183
The husband has his own landscaping business. Many of the parties personal expenses have been run through the business account. The husband's gross receipts for 1988, 1989, 1990 and 1991 were $164,467, $132,331, $125,740, $114,781 respectively. The business, a sole proprietorship, was valued as of December 31, 1991 between $110,000 and $160,000.
The husband claims he is only earning approximately $32,000 per year from his business. However, the facts indicate he was able to purchase a 1984 Corvette, a boat, a motorcycle, repay a loan and lend cash to a family member. The plaintiff was not paying any taxes during this time. In April 1992, the plaintiff indicated he was earning $1,000 per week. In February 1992 the plaintiff agreed to pay the defendant pendente lite the sum of $1,300 per month unallocated alimony and child support, plus household expenses in the amount of approximately $1,320 per month for a total order of $2,620 per month.
The plaintiff was unable to explain several items on his prepared income tax returns and now claims to be earning $596 per week.
The court has reviewed the plaintiff's income tax returns as presented, along with the other exhibits and based on the evidence as presented, the court finds the plaintiff has income of approximately $65,000 per year from his landscaping business.
The minor Child Erica, aged 9, has a type of a blood disorder called I.T.P. an auto-immune disease. This condition appears to be under control at this time.
The wife is presently earning a net of $75.00 per week. The realities of the parties financial situation dictate that the wife must obtain more favorable employment. The court expects that the wife will obtain a better paying job within a short period of time.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the relationship.
The court has carefully considered the statutory criteria in reaching the decisions reflected in the following orders.
A. Custody visitation
1. The parties have agreed on joint custody of the minor child with principal place of residence with the defendant mother, and it is so ordered. CT Page 6184
2. The plaintiff shall be entitled to reasonable rights of visitation. If the parties are unable to agree, they are referred to Family Services for mediation and if unsuccessful, shall return to court for a hearing and orders, thereon.
B. Real Estate
1. The real estate located at 23 Cutrone Road, Norwalk, Connecticut shall be listed with a real estate broker, placed on the market for sale and shall be sold at a price mutually agreed upon by the parties. The parties shall accept any offer within 5% of the listing price.
2. Upon the sale of the premises, after the payment of the mortgage, real estate commission, attorney's fees and usual closing costs, the plaintiff husband shall be entitled to the sum of $25,000.
3. The remaining proceeds from the sale of the real estate shall be the sole property of the defendant wife. The defendant shall be responsible for any capital gains tax in connection with the sale of the real estate.
4. The parties stipulated and agreed that the real estate has a fair market value of $152,000 and this court so finds. The outstanding first mortgage is approximately $66,000 as of June 12, 1992.
5. The court shall retain jurisdiction over any disputes in connection with the sale of the real estate.
6. The defendant shall be solely responsible for the mortgage, taxes and insurance on the marital home until such time as it is sold.
7. The defendant shall be entitled to exclusive possession of the marital home.
C. Other Property
1. Each party shall be entitled to the assets in their name as reflected on their respective financial affidavit unless otherwise disposed of herein.
2. The husband shall be solely entitled to his business, called "Rick's Lawn Service" without any claim by the defendant wife.
3. The 1985 Escort motor vehicle shall be transferred to the defendant wife. CT Page 6185
4. The parties shall equally divide the furniture and furnishings contained in the marital home as they shall agree. If the parties are unable to agree they are referred to Family services for mediation and if unsuccessful, they shall return to court for a hearing and orders thereon.
D. Alimony Child Support
1. The plaintiff shall pay to the defendant as unallocated alimony and child support, the sum of $1,900 per month commencing July 1, 1992 for a period of four years from July 1, 1992. Said alimony shall terminate on the earliest of four years from July 1, 1992, the plaintiff's death, the defendant's death, or her remarriage or cohabitation as defined by statute whichever event shall first occur.
2. Upon the termination of alimony as set forth above, the child support guidelines shall be applied with regard to the support for the minor child Erica.
3. An immediate withholding is ordered.
E. Debts
1. The plaintiff husband shall be solely responsible for the indebtedness owed to the IRS for the years 1989, 1990 and 1991, including interest and penalties thereon, and shall hold the defendant wife harmless therefrom. The plaintiff shall also hold the defendant harmless from any and all taxes due and owing to the state of Connecticut including interest and penalties.
2. The plaintiff shall be responsible for the indebtedness due to the water Department, Norwalk District as of June 30, 1992.
3. The plaintiff shall be responsible for one-half of the Petro Home Oil bill of $316.02 and one-half of the Connecticut Light Power bill of $289.88. The defendant shall be responsible for the remaining bills on her financial affidavit.
F. Medical Coverage
The husband shall provide and maintain medical coverage for the benefit of the minor child until she reaches the age of 18, becomes emancipated or dies. Any unreimbursed medical expense shall be equally divided between the parties.
G. Life Insurance
The plaintiff husband shall provide and maintain life CT Page 6186 insurance in the amount of One Hundred and Fifty Thousand Dollars ($150,000) with the defendant and minor child noted as irrevocable beneficiaries thereon, for so long as the plaintiff has an obligation for alimony and/or child support. This provision shall be modifiable.
H. Arrears
1. On March 31, 1992 the court found an arrears in the pendente lite orders in the amount of $856.90 through March 31, 1992. Said arrears shall be paid within 90 days of date.
2. On May 18, 1992 the pendente lite order was modified to $250 per week. The court retained jurisdiction to determine whether said order would be retroactive to April 8, 1992 the date of the filing of the motion. (The pendente Lite orders had expired as of April 1, 1992.) The plaintiff has paid the mortgage for April and May 1992.
3. The order of May 18, 1992 is retroactive to April 8, 1992. The plaintiff shall be given credit for one-half of the mortgage payment which he has made. This arrears shall be paid at $100 per month commencing August 1, 1992.
I. Counsel Fees
Each party shall pay their respective attorney's fees.
COPPETO, J.